STATE of Minnesota, Respondent,

v.

David Robert GOMEZ, Appellant.

No. C0–85–2348.

Court of Appeals of Minnesota.

Aug. 19, 1986.

Hubert H. Humphrey, III, State Atty. Gen., Robert F. Carolan, Dakota Co. Atty., Robert R. King, Jr., Asst. Co. Atty., Hastings, for respondent.

C. Paul Jones, State Public Defender, Mollie G. Raskind, Deputy State Public Defender, Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., and HUSPENI, and CRIPPEN, JJ., with oral argument waived.

**OPINION**

FOLEY, Judge.

Appellant David Gomez was convicted of receiving stolen property and challenges the execution of a search warrant. Finding no reversible error, we affirm.

**FACTS**

On May 24, 1985, appellant went to the storage unit at ABC Rental Company and moved some of his belongings into storage. Larry Schnagl had committed several thefts and stored stolen items in the stor-

age unit. The State alleged that appellant told witnesses some of the property in storage was stolen and that Schnagl had use of appellant's car in exchange for part of the proceeds of the stolen items.

On June 7, 1985, a search warrant was issued upon application by Sergeant John Gutzman of the South St. Paul Police. The warrant directed Sergeant Gutzman and officers acting under his direction to search the storage locker for, among other things, "any and all stolen property." Sergeant Gutzman and two other police officers searched the shed on June 7 and took into custody the following items which were later determined to be stolen: Midland CB radio, Chamberlain garage door opener, Havoline motor oil, Kantwet car seat, and Maxi-Taxi Stroller. According to State's witnesses, the total value of these items was $401.

The next day, June 8, 1985, Sergeant Earl Nies searched the same storage unit with a private person to determine the identity of other property thought to be stolen. The search was claimed to be authorized by the June 7, 1985 warrant. Sergeant Gutzman was not present at the search. Sergeant Nies seized several tools. On June 11, 1985, Sergeant Gutzman returned to the storage unit and pursuant to the same June 7 warrant, seized several other items.

Appellant was in jail while the three searches were being conducted. After the first search (June 7), Sergeant Gutzman talked to appellant who denied knowing that any of the stored items were stolen and claimed that the stolen items were not his but were Schnagl's property. Appellant was charged with receiving stolen property and at an omnibus hearing moved to suppress all the items seized in the latter searches (June 8 and June 11). The trial court ruled that the search warrant was properly executed and that all items seized at the storage unit were admissible at trial. Appellant was convicted of receiving stolen property and sentenced to a presumptive 25–month prison term.

## ISSUE

Did the trial court commit reversible error in ruling that the search warrant was properly executed and in admitting all the evidence seized from the storage unit?

## ANALYSIS

Appellant claims that the search warrant was improperly executed. He argues that the second and third searches of the storage locker were improper because a warrant may only be executed once. He also contends that the second search was improper because it was conducted by a police officer unauthorized to conduct the search.

■ Generally, a search warrant may be executed only once. 2 LaFave, *Search and Seizure*, § 4.10 (1978 and 1986 Supp.). After execution, no additional search can be undertaken on the same warrant. *See State v. Trujillo*, 95 N.M. 535, 624 P.2d 44, 48 (1981), and cases cited therein.

In *State v. Swain*, 269 N.W.2d 707 (Minn.1978), the Minnesota Supreme Court upheld a search conducted over three days under one warrant. That case involved an investigation of first-degree murder and the court upheld the search on a "continuing probable cause" theory based on the fact that bloodstains were found which needed to be analyzed and the police reasonably needed the time to conduct an effective search. The *Swain* court stated:

We hesitate to put a strict limit on the time for execution of a warrant because each case may be different. We hold that because the police found bloodstains on the first and second day in this case 3 days was not an unreasonable time in which to effectively complete the search by means of chemical tests. We hasten to add, however, that this concept of "continuing probable cause" is to be strictly construed against the state, and the present case must be clearly distinguished from consent and other warrantless search cases.

269 N.W.2d at 718–19.

■ In contrast to *Swain*, this case involves a property offense of receiving sto-

len property and lacks the exigencies that supported "continuing probable cause" in *Swain.* We must strictly construe such a concept against the State. *Id; see United States v. Huslage,* 480 F.Supp. 870, 875 (W.D.Pa.1979). If a subsequent search was needed, a new search warrant application should have been made.

■ In addition, Minn.Stat. § 626.13 (1984) requires that:

A search warrant may in all cases be served by any of the officers mentioned in its directions, but by no other person, except in aid of the officer on his requiring it, he being present and acting in its execution.

The record indicates that Sergeant Gutzman, the officer authorized to search the storage unit, was not present during the second search on June 8 and that it was conducted by Sergeant Nies. This was improper under the statute.

■ However, even if the evidence seized in the latter two searches were suppressed, appellant has not demonstrated any prejudice. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *State v. Mollberg,* 310 Minn. 376, 246 N.W.2d 463 (1976). *See State v. Larson,* 389 N.W.2d 872 (Minn. 1986); *State v. Daniels,* 380 N.W.2d 777 (Minn.1986). Appellant was convicted of violating Minn.Stat. § 609.53, subd. 1(2) (1984) for receiving stolen property valued at less than $1,000 but more than $300. At trial there was undisputed testimony that the value of the stolen items seized during the first search of June 7, 1985 was over $400. The first search was unquestionably valid and is not challenged on appeal. As such, any error in admitting the items seized from the latter searches was not prejudicial.

### DECISION

Appellant's conviction for receiving stolen property is affirmed.

Affirmed.